IMPERIAL ELEVATOR COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 35688. Promulgated January 19, 1932.

*C. C. Goodson, Esq.,* and *E. F. Hoeschen, Esq.,* for the petitioner.
*J. M. Leinenkugel, Esq.,* for the respondent.

236

## OPINION.

LANSDON: The respondent concedes that petitioner sustained a loss by reason of its ownership of stock in the P. L. Howe Lumber Mills, but contends that such loss occurred in the fiscal year ended June 30, 1922. The petitioner contends that the stock became worthless in the fiscal year ended June 30, 1923, and that it is entitled to carry forward the resulting net loss for the two succeeding taxable years. There is no controversy over the cost of the stock to petitioner or over the fact of its worthlessness.

The facts disclose that on May 1, 1922, the petitioner entered into an agreement with certain creditors of the P. L. Howe Lumber Mills providing for a future liquidation of that company. Liquidation, pursuant to the contract, was completed on December 1, 1922, when all the assets and business were sold to the Brooks-Scanlon Lumber Company for an amount insufficient to satisfy the claims of creditors. On May 1, 1922, it was certain that petitioner would sustain a loss on its investment in the stock of the P. L. Howe Lumber Mills, but we do not think it was certain that it would lose its entire investment. At that time the company was still a going concern, with a large plant and equipment, timber holdings and an inventory of finished goods. The respondent points to the agreement of May 1, 1922, where it is stated, " it has become manifest and is now conceded by all the parties hereto that the capital stock of the Lumber Company has no present or prospective value whatsoever except as a convenient means of holding its assets and liquidating its affairs "; and says that the petitioner, itself, recognized that the stock was worthless. It should

be noted, however, that in paragraph 8 the agreement provides that the balance, if any, remaining from the liquidation should be paid to the petitioner. We do not think the petitioner was obligated to write off the loss from its investment when it was first determined to liquidate the company. We think petitioner is entitled to take its loss after the liquidation was completed, when all the assets had been sold and nothing remained for the stockholders. It was then certain, for the first time that nothing would be realized from its investment. Cf. *H. Liebes & Co.*, 23 B. T. A. 787.

The respondent contends that the agreement of May 1, 1922, resulted in the transfer of the business and assets of the P. L. Howe Lumber Mills, which terminated the affiliation existing between petitioner and that corporation. He contends that the petitioner was required to file a consolidated return for the period up to May 1, 1922, and a separate return for the period May 1, 1922, to June 30, 1922. We do not agree with such a construction of the instrument. The petitioner continued to own its stock in the P. L. Howe Lumber Mills and any transfer was to give the creditors' committee power to liquidate the business. On December 1, 1922, all of the assets and business were sold and operations of the P. L. Howe Lumber Mills ceased. The affiliation between petitioner and its subsidiary was not terminated prior to that date.

The facts of this proceeding, with reference to whether a "net loss" may result from stock in a subsidiary corporation becoming worthless, are very similar to those in *H. Liebes & Co.*, *supra*, where we allowed the petitioner to carry forward the amount of such a loss to the two succeeding taxable years. In accordance with our opinion in that case, we conclude that petitioner is entitled to carry forward the "net loss," if any, for the fiscal year ended June 30, 1923, to the two succeeding taxable years.

*Decision will be entered under Rule 50.*